UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 08 - CR08-00684 |
|---|---|---|
| Plaintiff, | ) | I N F O R M A T I O N |
| v. | ) | [18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 2(a): Aiding and Abetting] |
| MICHAEL PETERSON, | ) | |
| Defendant. | ) | |

The United States Attorney charges:

[18 U.S.C. §§ 1341, 2(a)]

A. INTRODUCTORY ALLEGATIONS

At all relevant times herein:

1. Saint Gobain Corporation ("Saint Gobain") was a company headquartered in Valley Forge, Pennsylvania. Saint Gobain had no offices located in Upland, California, and never entered into a telecommunications service contract for an office located in Upland, California.

RAO:MZ

2.   Transnational Communications International ("TNCI") was a company headquartered in Boston, Massachusetts, providing telecommunications services.

3.   Netifice Communications was a company headquartered in Costa Mesa, California, providing telecommunications services.

4.   Lightyear Network Solutions, LLC, was a company headquartered in Louisville, Kentucky, providing telecommunications services.

5.   Federal Express was a commercial interstate carrier.

B.   THE FRAUDULENT SCHEME

6.   Beginning in or about March 2006, and continuing through at least July 2006, in Los Angeles County, within the Central District of California, and elsewhere, defendant MICHAEL PETERSON ("PETERSON"), together with others known and unknown to the United States Attorney, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud various telecommunications service providers as to material matters, and to obtain money and property from telecommunications providers by means of material false and fraudulent pretenses, representations, and promises, and concealment of material facts.

C.   EXECUTION OF THE FRAUDULENT SCHEME

The fraudulent scheme was carried out, in part, as follows:

7.   In March 2006, defendant PETERSON, together with others known and unknown to the United States Attorney, leased office space in the premises known as 167 N. Third Avenue, Suite I,

Upland California (the "Upland Office"), allegedly to be used as offices for the business "Saint Gobain."

8. In March 2006, pretending to be representatives of Saint Gobain, defendant PETERSON, together with others known and unknown to the United States Attorney, entered into a service contract with Lightyear Network Solutions to provide telecommunications services to the Upland Office.

9. In March 2006, pretending to be representatives of Saint Gobain, defendant PETERSON, together with others known and unknown to the United States Attorney, entered into a service contract with Netifice Communications to provide telecommunications services to the Upland Office.

10. In March 2006, pretending to be representatives of Saint Gobain, defendant PETERSON and others known and unknown to the United States Attorney entered into a service contract with TNCI to provide telecommunications services to the Upland Office (the "TNCI Saint Gobain account").

11. In March 2006, TNCI installed telecommunications services at the Upland Office, as requested by defendant PETERSON and pursuant to its service contract with an entity it believed to be Saint Gobain.

12. In June 2006, partial payment was made to TNCI in the amount of $3,200 by defendant PETERSON, together with others known and unknown to the United States Attorney, via money orders to cover activation fees for the TNCI Saint Gobain account.

13. On or about July 5, 2006, a TNCI representative contacted the entity it believed to be Saint Gobain regarding unusually high international long distance call volume appearing on the TNCI Saint Gobain account.

14. On or about July 13, 2006, a person purporting to be John Glassel of Saint Gobain sent an electronic message to a TNCI representative, stating that a check had been sent to TNCI via Federal Express to pay for Saint Gobain's July 2006 bill.

15. After confirming with Federal Express that the package from Saint Gobain had been shipped, TNCI maintained active service to the TNCI Saint Gobain account, through the weekend of July 15-16, 2006.

16. Over the weekend of July 15-16, 2006, a large volume of call traffic was routed through the TNCI Saint Gobain service account.

17. On July 17, 2006, a TNCI representative received the Federal Express package from the entity it believed to be Saint Gobain and discovered that the package was empty except for a blank sheet of paper.

18. TNCI immediately terminated service to the TNCI Saint Gobain account when the Federal Express package was received.

19. TNCI, Netifice Communications, and Lightyear Network Solutions suffered in excess of $400,000 in unpaid for telecommunications services provided to the entity they believed to be Saint Gobain.

4

D. <u>USE OF THE MAILS</u>

20. On or about July 12, 2006, in Los Angeles County, within the Central District of California, defendant PETERSON, together with others known and unknown to the United States Attorney, for the purpose of executing the aforementioned scheme and for the purpose of obtaining money and property by the aforementioned means, caused a Federal Express package to be sent and delivered by a commercial interstate carrier according to the directions thereon, as further described in paragraphs 14, 15, 17, and 18, above.

THOMAS P. O'BRIEN
United States Attorney

*Christine C Ewell*

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

MICHAEL ZWEIBACK
Assistant United States Attorney
Chief, Cyber and Intellectual
Property Crimes Section

WESLEY L. HSU
Assistant United States Attorney
Deputy Chief, Cyber and
Intellectual Property Crimes
Section

ROZELLA A. OLIVER
Assistant United States Attorney
Cyber and Intellectual Property
Crimes Section